**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SHELBY ARRON,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Case No. 2:26-cv-464**<br>**Chief Judge Sarah D. Morrison**<br>**Magistrate Judge S. Courter M. Shimeall** |
| **BRANDI CUSTER, *et al.*,** | : | |
| **Defendants.** | : | |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff, Shelby Arron, an Ohio resident proceeding without the assistance of counsel, filed this action against Brandi Custer, Laura Martin, and Coshocton County Children Services ("CCCS"), asserting federal constitutional violations under 42 U.S.C. § 1983. (ECF No. 1-1.) Upon review, however, this Complaint is nearly identical[1] to the claims, parties, and relief in a previously filed case. *See Arron v. Custer, et al.*, No. 2:26-cv-00390 (S.D. Ohio). Plaintiff has also submitted a request to proceed *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(e)(2), this matter is also before the Court for the initial screen of Plaintiff's Complaint (ECF No. 1-1) to identify cognizable claims and/or to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Having performed the initial screen,

[1] Indeed, Chief Magistrate Judge Bowman noted as much when she transferred this case from Cincinnati to Columbus. (*See* ECF No. 2 ("The undersigned further notes that Plaintiff filed a nearly identical action . . . which was subsequently transferred to the Columbus . . . under case number 2:26-cv-00390").)

and for the reasons below, the Undersigned **RECOMMENDS** that the Court **DISMISS** this action under § 1915(e)(2)(B) as duplicative, and thus, frivolous.

"Under Sixth Circuit precedent, district courts may dismiss duplicative actions as frivolous under § 1915(e)." *Bishop v. Washam*, No. 4:26-CV-616, 2026 WL 824611, at *1 (N.D. Ohio Mar. 25, 2026) (citing *Belser v. Washington*, No. 16-2634, 2017 WL 5664908, *1–2 (6th Cir. Sept. 13, 2017) (collecting cases)); *see also Gibson v. Devore*, No. 1:26-cv-353, 2026 U.S. Dist. LEXIS 111919, at *1 (S.D. Ohio Apr. 28, 2026), *reported and recommendation adopted*, 2026 U.S. Dist. LEXIS 111122 (S.D. Ohio May 19, 2026) (recommending dismissal of a duplicative pro se civil rights complaint under the "general principle that duplicative litigation in the federal court system is to be avoided"); *Jabbar v. United States Postal Serv.*, No. 2:21-CV-805, 2021 WL 916653, at *2 (S.D. Ohio Mar. 10, 2021), *report and recommendation adopted*, No. 2:21-CV-805, 2021 WL 1575076 (S.D. Ohio Apr. 22, 2021) (recommending dismissal of a duplicative, later filed complaint when the "parties and available relief [did] not significantly differ from an earlier-filed action").

Here, Plaintiff asserts the same claims against the same parties and seeks the same relief as in the previously filed case noted above. The only notable difference is that this Complaint asserts, in a conclusory manner, that qualified immunity would not apply to any of Defendants' actions. (*See* ECF No. 1-1, at PAGEID #3.) This minor difference is not significant enough to allow this action to proceed separately. *See Cummings v. Mason*, No. 1:11-CV-649, 2011 WL 2745937, at *2 (W.D. Mich. July 13, 2011) ("A complaint is duplicative and subject to dismissal if the claims, parties and available relief do not significantly differ from an earlier-filed action.")

Accordingly, it therefore **RECOMMENDED** that Plaintiff's later filed, nearly identical Complaint be **DISMISSED** as duplicative, and thus, considered "frivolous or malicious" under 28

U.S.C. § 1915(e)(2). *See Jabbar*, 2021 WL 916653, at *2; *see also Jones v. US Bank Nat'l Ass'n*, No. 1:17-cv-174, 2017 U.S. Dist. LEXIS 45953, at *5 (S.D. Ohio Mar. 28, 2017), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 14980 (S.D. Ohio, Feb. 2, 2017) (recommending dismissal of a duplicative action because a "plaintiff has 'no right to maintain two actions on the same subject in the same court, against the same defendant at the same time'" (quoting *Stewart v. Procter & Gamble Co.*, No. 1:06-cv-374, 2006 U.S. Dist. LEXIS 102384, 2006 WL 2620441, at *2 (S.D. Ohio Sept. 12, 2006) (further citations omitted)).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**